## Case No. 10,907.

### In re PEGUES.

[3 N. B. R. 80 (Quarto, 19); [1] 2 Am. Law T. 136.]

District Court, W. D. Texas. 1869.

BANKRUPTCY—EXPENSES AND CHARGES RENDERED BY ASSIGNEE.

On bill of expenses and charges rendered by an assignee, *held*: 1. Specific charges by

---

[1] [Reprinted from 3 N. B. R. 80 (Quarto, 19), by permission.]

an assignee are unauthorized for (1) drafting certificate of exempted property, (2) drafting petition for sale of property, and (3) drafting acceptance of notice of appointment. A reasonable amount for the several acts done may be allowed in the compensation for general services of the assignee. Amount of five dollars allowed.

2. Charges for publishing notices of appointment, advertising, and posting hand-bills. Correct and allowed.

3. Charge of forty-two dollars for six days' services in collecting notes and accounts considered extravagant, though entitled to a reasonable amount. Suspended.

4. A charge for recording assignment is correct.

5. Three items for different days' services, at seven dollars per day; attending sale of land, traveling and examining titles. Suspended.

6. A charge of fourteen dollars for two days' services in examining papers, allowed, provided the services were actual and not constructive, and no charges shall have been for same time in other cases.

7. Charges for stationery, postage, etc., allowed.

8. Specific charges for one day's service in making out report, and another day's service in making application to court for order of sale, disallowed as unauthorized and excessive. As general services, seven dollars allowed for said acts.

9. Charge for services of auctioneer disallowed. Assignee must act as salesman, unless leave of court in necessary cases is previously obtained to employ an auctioneer. [Approved in Re Sweet, Case No. 13.688.]

10. Commission of five per cent. allowed.

11. Charge of twenty-five dollars counsel fee suspended. Suspended items referred to register to take testimony and to allow proper amounts in his discretion; if his decision is objected to, the testimony and objections to be certified for revision by the court.

[In the matter of P. A. Pegues, a bankrupt.]

DUVAL, District Judge. Certain creditors of the bankrupt, by their attorneys, Hays & White, filed their exceptions to the following account rendered by the assignee, J. K. Williams, Esq., and the said exceptions having been overruled by the register, G. W. Whitmore, Esq., his action in the premises has been certified to me for revision:

| | |
|---|---:|
| 1. Drafting certificate of exempted property | $ 5 00 |
| 2. Drafting petition for sale of property | 5 00 |
| 3. Drafting acceptance of notice of appointment | 5 00 |
| 4. Publishing notice of appointment.. | 6 00 |
| 5. Advertising and posting hand-bills.. | 1 50 |
| 6. Six days' service collecting notes and accounts. | 42 00 |
| 7. Recording assignment. | 1 00 |
| 8. Two days' service attending to sale of land. | 14 00 |
| 9. One day's service advertising land and papers. | 7 00 |
| 10. Two days' service, trip to Henderson to record assignment and examine titles. | 14 00 |
| 11. Two days' service examining papers. | 14 00 |
| 12. Stationery, postage, etc. | 1 50 |
| 13. One day making out report. | 7 00 |

| | | |
|---|---|---|
| 14. One day, making application for order of court for sale | 7 | 00 |
| 15. Services of auctioneer | 2 | 00 |
| 16. Commission on three hundred and ninety-two dollars at five per cent. | 19 | 60 |
| 17. S. T. Newton, attorney's fee | 25 | 00 |

The 1st, 2d, and 3d charges are not only extravagant, but they are not authorized by the law. The acts done by the assignee, however, and for which these charges were made, may be regarded as among the general services rendered by him, for which the court may make him a reasonable allowance. The exceptions to these items are therefore sustained, and in lieu thereof five dollars is allowed.

The 4th and 5th items are correct, and therefore allowed.

The 6th seems to me to be extravagant, if allowable at all. The bankrupt should have been required to deliver the notes and accounts into court, or to the assignee. But if the service was performed, as charged, a reasonable compensation should be allowed. Referred again to the register.

The 7th item is correct. Exception, therefore, overruled.

The 8th, 9th, and 10th require explanations and evidence to justify them. Referred to register again.

The matter embraced in the 11th item is also referred to the register again. If the service, as charged for, was necessary, and actually performed in this particular case, and no other cases were charged for the same time, then it would be proper to allow it.

The 12th item is allowed.

The 13th and 14th are disallowed. * These charges are not authorized by law, and they are excessive. For the services mentioned in both these items seven dollars is a sufficient compensation, and that much is hereby allowed.

The 15th is disallowed. The law contemplates that the assignee shall himself sell the property of the estate. There may be cases in which it would be proper to employ an auctioneer, but the necessity for so doing should be first shown to the court, and leave obtained.

The 16th is correct, and therefore allowed.

The 17th needs explanation. The assignee does not state for what an attorney's fee is charged, and it would be difficult to tell what need he had for the services of one in the administration of this small estate. For this reason, and the views briefly mentioned by me touching a like charge in the case of In re Davenport [Case No. 3,587], the matter is again referred to the register.

The 6th, 8th, 9th, 10th, 11th, and 17th charges are again referred to Mr. Register Whitmore, who is hereby instructed to hear any pertinent and proper evidence in regard to the services charged for in the several items, and their actual performance and necessity, and after so doing, to allow or dis-allow the said charges in whole or in part, as he may deem just; and should his decision thereon be objected to by the creditors or assignee, the same to be certified to me for revision, together with the evidence on which it is based.